**SO ORDERED.**

**SIGNED this 01 day of September, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

**KERRY GOSNELL MOORE-BROWN,**

        DEBTOR.                        Case No. 09-03163-8-JRL
                                                Chapter 7

_____

## ORDER

This case is before the court on the motion to avoid the lien of the City of Greenville, by the debtor. On July 14, 2009, the court held a hearing in Greenville, North Carolina. This order provides the rationale for why the debtor's motion is allowed.[1]

## BACKGROUND

The debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on April 20, 2009. The debtor owns an interest in real property located at 2222 Greaves Court in Winterville, North Carolina, which is located in Pitt County and serves as the debtor's residence. On May 12, 2008, the City of Greenville filed an action against the debtor in the Superior Court of Pitt County.

---

[1] This conclusion differs from the oral ruling made at the conclusion of the hearing. Upon further research, the court determined that because the language of § 522(f) does not incorporate the priority of liens, the debtor was entitled to avoid the judgment lien.

Subsequently, on July 17, 2008, the debtor and the City of Greenville entered into a consent judgment which was approved by the Pitt County Superior Court and required the debtor to bring her property into compliance with applicable housing codes and to pay the City of Greenville $8,750.00 for citations for nuisances on her property. Since entry of the judgment the debtor has reduced the amount owed to the City of Greenville to approximately $6,000.00.

At hearing, the debtor testified before the court and established that Bank of America held a first lien on her residence in the amount of approximately $242,956.46. The debtor also established that Wachovia Bank held a second lien on the property in the amount of $69,000.00. In addition, the debtor established that the Pitt County judgment was entered prior to the second lien of Wachovia Bank. The debtor testified that the approximate fair market value of her residence was $325,000.00. The debtor established that she initially owned her residence individually but, after marrying her husband in October 2008, she executed a general warranty deed conveying her interest in her residence to her husband and herself, creating a tenancy by the entirety. On cross-examination, the debtor established that she created the tenancy by the entirety in February 2009 and that the deed purported to transfer her interest free and clear of encumbrances. However, the debtor admitted that the judgment lien of the City of Greenville was created prior to the creation of the tenancy by the entirety. The debtor also admitted that she owned her residence individually when the Pitt County judgment was entered against her.

## DISCUSSION

The debtor seeks to avoid the judgment lien of the City of Greenville on the grounds that it impairs an exemption in her residence. Under North Carolina law, the entry in state court of a judgment directing the payment of money creates a lien on the real property in the county where the

judgment is docketed. N.C. GEN. STAT. § 1-234. However, § 522 of the Bankruptcy Code permits the debtor to avoid the fixing of a judicial lien on an interest in property when the judicial lien impairs an exemption to which the debtor is entitled. 11 U.S.C. § 522(f)(1). North Carolina law provides for an exemption in real property used as the debtor's residence in the amount of $18,500.00. N.C. GEN. STAT. § 1C-1601(a)(1). In addition, a North Carolina debtor may claim property as exempt under the common law doctrine of tenancy by the entireties. In re Knapp, 285 B.R. 176, 182 (Bankr. M.D.N.C. 2002) (citing In re Banks, 22 B.R. 891 (Bankr. W.D.N.C. 1982)). The debtor asserts that she is entitled to either a tenancy by the entirety exemption or a homestead exemption in her property and that her exemption is impaired by the judgment lien of the City of Greenville.

The court finds that the judgment lien of the City of Greenville is not avoidable under the tenancy by the entirety exemption, but is avoidable under the homestead exemption. First, the court finds that the deed creating a tenancy by the entirety interest in the debtor's residence was conveyed subject to the earlier judgment lien of the City of Greenville. The debtor cannot avoid a judgment lien against property she owned individually simply by transferring the property to a tenancy by the entirety. Rather, the tenancy by the entirety takes the property subject to the encumbrance.

However, the court finds that the judgment lien does impair the debtor's homestead exemption. "[A]n individual debtor may claim exemptions sufficient to remove all unencumbered property from the bankruptcy estate." 4 Collier on Bankruptcy (15th ed. rev.) ¶ 522.01. Under § 522(f)(2)(A), lien priority is not considered in determining impairment.

Here, the difference between the value of the property and the non-judicial liens is $13,044.00, and under North Carolina state law this entire amount may be exempted. If the judicial

3

lien of $6,000.00 were not avoided, the debtor would only be able to exempt $7,044.00.  Thus, the judicial lien impairs the debtor's homestead exemption and is avoidable.

Based on the foregoing, the motion to avoid lien is ALLOWED.

"END OF DOCUMENT"